On petitioner Lane County's motion for expedited consideration filed October 14, and on petitioner Martha Jakob's motion to dismiss cross-petition filed November 17, 1980, argued and submitted January 26, reversed and remanded April 6, 1981

JAKOB et al,
*Petitioners - Cross-Respondents,*

*v.*

DUNES CITY,
*Respondent - Cross-Petitioner,*
LAND CONSERVATION AND DEVELOPMENT
COMMISSION,
*Respondent.*

(No. 80-032, CA 19061)

626 P2d 376

Allen L. Johnson, Eugene, argued the cause for petitioner - cross-respondent, Martha Jakob. On the brief were Lombard, Gardner, Honsowetz & Brewer, and Jack A. Gardner, Eugene, and Dana A. Anderson, Assistant County Counsel, Eugene, attorney for petitioner - cross-respondent, Lane County.

William Van Vactor, Lane County Counsel, Eugene, argued the cause for petitioner - cross-respondent, Lane County. On the brief were Dana A. Anderson, Assistant County Counsel, Eugene, and Lombard, Gardner, Honsowetz & Brewer, and Jack A. Gardner, Eugene, attorneys for petitioner - cross-respondent, Martha Jakob.

Dwight Ronald Gerber, Florence, argued the cause and filed the brief for respondent - cross-petitioner, Dunes City.

Mary Deits, Assistant Attorney General, argued the cause for respondent, LCDC. With her on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

No appearance for respondent Land Use Board of Appeals.

Before Gillette, Presiding Judge, and Richardson and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioners seek review of an order entered by the Land Use Board of Appeals (LUBA), which purports to invalidate a Lane County ordinance rezoning petitioner Jakob's land on the ground that the rezoning violates Statewide Planning Goal 17. Respondent Dunes City cross-petitions, seeking review of the same order and, in addition, seeking review of the refusal of the Land Conservation and Development Commission (LCDC) to make a determination on the Goal 17 question. The case is presently before us on petitioners' motions for expedited consideration and for dismissal of the cross-petition for judicial review by respondent Dunes City. We conclude that LUBA's order is not a valid final order and that LCDC's action, or lack thereof, is similarly not a final appealable order.

On February 26, 1980, Lane County enacted a zoning ordinance rezoning the property in question from rural residential to tourist commercial. The subject property is located on the coast between Highway 101 and the Oregon Dunes National Recreation Area. Such property is potentially subject to the requirement of Statewide Planning Goal 17, which is designed to protect Oregon's shorelands by designating certain areas as coastal shoreland planning areas. Lane County considered Goal 17, but found that the property in question need not be included within its protection. The Goal, therefore, was not applied by the county in arriving at its decision to rezone.

Dunes City appealed the action taken by Lane County to LUBA on March 26, 1980. *See* Oregon Laws 1979, ch 772, § 4(1), (4).[1] On July 22, 1980, LUBA forwarded a proposed order submitting its recommendation concerning the applicability of Goal 17 and the alleged violation of that goal to LCDC for its determination. *See* Oregon Laws 1979, ch 772, §§ 5 and 6. LCDC failed to make any decision on the matter. Instead, on September 17, 1980, it issued the following statement (labeled by LCDC to be a "determination"):

"The Land Conservation and Development Commission was unable to concur in any action on the allegations of

---

[1] Oregon Laws 1979, ch 772 was not made a part of ORS chapter 197.

goal violations in LUBA 80-032, *Dunes City v. Lane County,* at its meeting on September 5, 1980.

"Therefore the Commission makes no determination in this case."[2]

On September 18, 1980, despite the failure of LCDC to issue a determination, LUBA entered what purported to be a final order invalidating Lane County's rezoning decision. LUBA found that Goal 17 was applicable to the property in question and that, while Lane County had made findings that would demonstrate compliance with Goal 17, those findings were not supported by substantial evidence in the record. The County's decision was remanded for further consideration.

■     Petitioners have argued here that LUBA's order was invalid because LUBA does not have the authority to issue a final order on goal-related issues under the circumstances of this case without a prior determination on the matter by LCDC.   We agree.

The 1979 Oregon legislature established the Land Use Board of Appeals (LUBA). *See* Oregon Laws 1979, ch 772. LUBA was given the power to review all city, county or special district land use decisions. Land use decisions include, but are not limited to, application of the statewide planning goals by local governing bodies. Section 3(1).[3] Where a petition for review contains only allegations that a land use decision violates the statewide planning goals,

---

[2] Section 6(4) of ch 772, *supra,* provides that a determination as to goal violations is not valid unless at least four members of LCDC concur in that determination.

[3] "Land use decision" means:

"(a)  A final decision or determination made by a city, county or special district governing body that concerns the adoption, amendment or application of:

"(A)  The state-wide planning goals;

"(B)  A comprehensive plan provision; or

"(C)  A zoning, subdivision or other ordinance that implements a comprehensive plan; or

"(b)  A final decision or determination of a state agency other than the Land Conservation and Development Commission, with respect to which the agency is required to apply the state-wide planning goals." Oregon Laws 1979, ch 772, § 3(1).

LUBA must submit its recommendation concerning the alleged violations to LCDC. Sections 5(1), 6(1). LCDC is to then make a determination on the goal violations on the basis of LUBA's recommendation. LCDC's determination is returned to LUBA for inclusion in LUBA's final order. Section 6(3). LUBA cannot review or alter that determination in any way. Where a petition for review contains no allegations of goal violations, LUBA issues a final order on its own, without submission of the matter to LCDC. Section 5(2). Where a petition contains both goal violation questions and other allegations of error as well, LUBA submits the goal-related issues to LCDC with its recommendations and decides the non-goal issues itself. Section 5(3).[4]

---

[4] The applicable sections of Oregon Laws 1979, ch 772, provide:

"Sec. 5. (1) Where a petition for review contains only allegations that a land use decision violates the state-wide planning goals, the board shall review the decision and proceed as provided in section 6 of this 1979 Act.

"(2) Where a petition for review contains no allegations that a land use decision violates the state-wide planning goals, the board shall review the decision and prepare a final order affirming, reversing or remanding the decision.

"(3) Where a petition for review contains both allegations that a land use decision violates the state-wide planning goals and other allegations of error, the board shall review the decision and proceed as provided in section 6 of this 1979 Act with respect to the allegations of violation of the state-wide planning goals, and prepare an order addressing all issues not related to the state-wide planning goals. *The decision of the board concerning any issues not related to the state-wide planning goals shall be final, but no final order shall be issued until the commission has reviewed the recommendation of the board on the issues concerning the state-wide planning goals under section 6 of this 1979 Act and issued its determination.* The board shall incorporate the determination of the commission into the final order to be issued under this subsection.

"* * * * *

"Sec. 6. (1) At the conclusion of a review proceeding under sections 4 and 5 of this 1979 Act, the board shall prepare a recommendation to the commission concerning any allegations of violation of the state-wide planning goals contained in the petition and shall submit a copy of its recommendation to the commission and to each party to the proceeding. The recommendation shall include a general summary of the evidence contained in the record and proposed findings of fact and conclusions of law concerning the allegations of violation of the state-wide planning goals. The recommendation shall also state whether the petition raises matters of such importance that the commission should hear oral argument from the parties.

"(2) Each party to the proceeding shall have the opportunity to submit written exceptions to the board's recommendation, including that portion of the recommendation stating whether oral argument should be allowed. The

The statutory scheme is clear: LUBA is to review all land use decisions. It is to decide all issues raising non-goal issues. LUBA cannot, however, decide claims about goal violations; it can only issue recommendations on such matters. The power to make a final determination on the applicability or violation of a statewide planning goal lies with LCDC alone.

From the foregoing discussion it is apparent that, under the facts of this case, the final order entered in this case by LUBA was beyond LUBA's authority.[5] While LUBA followed the correct procedure in submitting the matter to LCDC, LCDC did not issue the necessary determination. The failure of LCDC to make a decision does not give LUBA the power to make the final determination by itself. Because LCDC did not issue a determination on the violation of Goal 17, LUBA could not enter a final order reversing the county's action on the existence of such a violation.[6]

**2.** We turn now to respondent Dunes City's cross-petition, which attacks LCDC's determination in this case.

---

exceptions shall be filed with the board and submitted to the commission for review.

"(3) The commission shall review the recommendation of the board and any exceptions filed thereto. The commission shall allow the parties an opportunity to present oral argument to the commission unless the board recommends that oral argument not be allowed and the commission concurs with the board's recommendation. The commission shall be bound by any finding of fact of the city, county, special district or state agency for which there is substantial evidence in the record. *The commission shall issue its determination* on the recommendation of the board and return the determination to the board for inclusion in the board's order under section 5 of this 1979 Act within such time as is necessary to allow the board to prepare and issue a final order in compliance with the requirements of section 4 of this 1979 Act. If additional time is required, the commission shall obtain the consent of the parties for a postponement.

"(4) No determination of the commission issued under subsection (3) of this section is valid unless all members of the commission have received the recommendation of the board in the matter and any exceptions thereto that were timely filed with the board and at least four members of the commission concur in its action in the matter." (Emphasis supplied.)

[5] We reject respondent Dunes City's argument that LUBA's decision does not involve a goal violation issue.

[6] LCDC's "statement" might be viewed as a "determination," although we think that the statute makes it clear that a valid determination is only one in which four members concur. *See* ch 772, § 6(4), n 4, *supra*. Even if it is considered a determination, LUBA only has the power to include this "determination" in its final order, not to decide the matter itself.

Petitioners argue that we should dismiss this cross-petition on the ground that LCDC's determination, or lack thereof, is not a final appealable order. We agree. Even if we view LCDC's "statement" as a "determination," it is not a final order *in this case.* Under the statutory scheme as it now exists, only LUBA has the power to issue final orders in cases of this kind.

The peculiar posture of this case, as we view it, requires us to explain where the parties now stand. Petitioners note that, as we have ruled, LCDC's failure to issue a dispositional determination in this case prohibited LUBA from entering a valid final order. They then point out that, where LUBA does not issue a final order within 90 days, subject to extensions, the decision under review before LUBA is considered affirmed. That decision then becomes a final appealable order subject to review by this court. Oregon Laws 1979, ch 772, § 4(8).[7] Because no party has petitioned here for review of the county's order, petitioners argue, that order became final on September 29, 1980, after the statutory period of time, *i.e.,* 90 days plus extensions stipulated to by the parties, had passed.

We disagree. While LUBA's order in this case was not proper, the order was on its face one which LUBA had jurisdiction to issue. As we view the statutory scheme, the 90-day period was suspended when LUBA issued its order. Upon remand to LUBA from this court, that agency will have a period of time, equal to the balance of the 90-day period which remained at the time of its earlier order together with any extensions of time which may be agreed to by the parties, in which to issue a proper order.

The final order entered by LUBA is reversed. Respondent's cross-petition is dismissed for lack of jurisdiction.

---

[7] That section provides:

"(8) The board shall issue a final order within 90 days after the date of filing of the petition. If the order is not issued within 90 days and no extension of time has been stipulated to by the parties, the decision being reviewed shall be considered affirmed and the decision may then be appealed in the manner provided in section 6a of this 1979 Act."

Motion for expedited consideration granted. Motion to dismiss cross-petition granted.

Reversed and remanded.