On petitioner's motion to strike purported withdrawal of order of Land Use Board of Appeals for purposes of reconsideration filed May 5, motion allowed September 8, 1981

CASCADE AGGREGATES, INC.,
*Petitioner,*
*v.*
SCAPPOOSE DRAINAGE DISTRICT et al,
*Respondents.*

(LUBA No. 80-152, CA A20286)

633 P2d 854

John D. Mosser, Wood, Tatum, Mosser, Brooke & Holden, Portland, for petitioner.

Terry D. Morgan, Morgan & Shonkwiler, P.C., Portland, for respondents.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Peter S. Herman, Senior Counsel, for Land Use Board of Appeals.

Before Joseph, Chief Judge, and Thornton and Warden, Judges.

PER CURIAM

Thornton, J., dissenting opinion.

## PER CURIAM

After the filing of petitioner's brief, the Land Use Board of Appeals, purporting to act under ORS 183.482(6),[1] filed in this court a document captioned "Withdrawal of Order for Purposes of Reconsideration." Petitioner filed a motion to strike the withdrawal. The motion is allowed.

Oregon Laws 1979, chapter 772, section 6a, subsection 2, provides:

"Notwithstanding the provisions of ORS 183.480 to 183.500, judicial review of orders issued under sections 4 to 6 of this 1979 Act shall be solely as provided in this section."

Although the rest of section 6a for the most part tracks the language of ORS 183.482, it does not include language identical, or even similar, to that contained in ORS 183.482(6). That omission is consistent with the provision in section 4(8) of chapter 772 requiring LUBA to "issue a final order within 90 days after the date of filing of the petition." To permit the withdrawal of an order would permit the evasion of that limitation.[2]

Motion allowed.

**THORNTON, J.,** dissenting.

The order of LUBA purporting to overrule the county's zoning decision without first referring the matter to LCDC was completely null and void.

The majority now holds that LUBA is powerless to withdraw this order for reconsideration. This disposition does not square with our holding in *Jakob v. Dunes City,* 51 Or App 505, 626 P2d 376 (1981). In *Jakob,* as in the case at

---

[1] ORS 183.482(6):

"(6) At any time subsequent to the filing of the petition for review and prior to the date set for hearing the agency may withdraw its order for purposes of reconsideration. If an agency withdraws an order for purposes of reconsideration, it shall, within such time as the court may allow, affirm, modify or reverse its order. If the petitioner is dissatisfied with the agency action after withdrawal for purposes of reconsideration, he may file an amended petition for review and the review shall proceed upon the revised order."

[2] The dissent in citing *Jakob v. Dunes City,* 51 Or App 505, 626 P2d 376 (1981), anticipates a possible result *if* we were to get to the merits.

bar, LCDC had not made any decision on the alleged goal violations, and LUBA purported to enter a decision on the goal violation without benefit of any decision of LCDC. This court held that LUBA's order purporting to overrule the county's zoning decision without receiving a final determination on the matter from LCDC was invalid. We reversed and remanded the proceeding back to LUBA with instructions to issue a proper order.

In my view, *Jakob* is dispositive. This proceeding should also be reversed and remanded with instructions to issue a proper order within 35 days ("the balance of the 90-day period which remained at the time of its earlier order together with any extentions of time which may be agreed to by the parties * * *.") *Jakob* at 511.

As to LUBA's motion to withdraw its order, contrary to the majority, it is my view that ORS 183.482(6)[1] of the Oregon Administrative Procedure Act applies here, and that LUBA is authorized under this provision to withdraw the instant order for reconsideration. I cannot agree with the majority's narrow construction of section 6a(2) of Ch 772, Or Laws 1979.

The Attorney General argues that LUBA's motion to withdraw does not constitute a part of "Judicial Review" of LUBA's order within the meaning of section 6a(2) of Ch 772, Or Laws 1979.[2] I agree. The proceedings described in Section 6a for judicial review do not deal with reconsideration by the administrative agency *prior to* judicial review. This provision deals only with how a case is to be handled by the appellate court *after* judicial review is commenced. Such review has not yet commenced. It follows therefore

---

[1] ORS 183.482(6) provides:

"At any time subsequent to the filing of the petition for review and prior to the date set for the hearing the agency may withdraw its order for purposes of reconsideration. If an agency withdraws an order for purposes of reconsideration, it shall, within such time as the court may allow, affirm, modify or reverse its order. If the petitioner is dissatisfied with the agency action after withdrawal for purposes of reconsideration, he may file an amended petition for review and the review shall proceed upon the revised order."

[2] Oregon Laws 1979, ch 772, § 6a, p 1021 states:

"Notwithstanding the provisions of ORS 183.480 to 183.500, judicial review of orders issued under sections 4 to 6 of this 1979 Act shall be solely as provided in this section."

that the action of the majority in allowing respondent's motion to strike the withdrawal is in error. First, it nullifies ORS 183.482(6). The purpose of ORS 183.482(6) is to permit state administrative agencies to correct errors before the same becomes enmeshed in the governmental process, including judicial review. Second, the effect of the majority's opinion is to perpetuate errors and complicate the administrative process rather than to correct mistakes in that process.